Good morning, Your Honors. My name is Steve Neal, and I represent the plaintiffs in those two cases, and I will reserve two minutes with the Court's permission. When UPS customers ship their packages, they are confronted with an array of choices that they check off on various forms. They can choose grand transportation, they can choose next-day air, or they can choose second-day air. If they choose next-day air or second-day air, air shipment labels are placed on their packages. They receive tracking reports reporting that their packages are moving by air. They are charged for jet fuel for the air service, and they are invoiced in pay for air and jet fuel. So this is all based on the word, basically, air, that appears in these different levels of service. If they called them fast, faster, and fastest, or they called them A, B, and C, would you have any sort of claim at all? It would depend, I think, on how they priced those, the problem. No, that's my point. This is a pricing mechanism. It's a service level. It has to do with how quickly something gets there, whether it's guaranteed to get there by a certain date and time, and all those things. So it seems to me that you're really just hanging your hat on the title that they've given to the service. And so I just have a lot of difficulty with that. So it's more than the title, Your Honor. First of all, the word, air, appears repeatedly throughout their advertising. Right, and fastest appeared regularly instead. And it appears on the labels, and it appears on the invoices. And the consequence of that, and UPS doesn't dispute this, the consequence of that is that for next day air within 450 miles, or two-day air within 1,000 miles, those customers pay two to three times as much as people who are getting exact same service. Well, it isn't exactly the same, because they have different guarantees of delivery times and so on and so forth. So is it your position that if you ordered ground service to Hawaii, you would expect a truck to take your package from here to Honolulu? You can do that. You can order ground service to Hawaii. Having flown into this argument from Hawaii, I would tell you even UPS won't use a truck. That's right, but they will give you ground service. It's a level of service, right? But, Your Honor, then if you look at the substitution of service provisions in their contracts, which are an important piece of this that they pay very short shrift to, they have their mode of service, and they say, as Your Honor does, all service means is next day or second day delivery. And they get to pick the method. So if I selected next day air to go from here to downtown L.A., they would not put it on an airplane, even if it's called next day air, right? If you pick it, if you have next day air in L.A., it, in fact, does not go by air. That's right. That makes sense. If you have next day air to San Francisco, it, in fact, does not go by air. But the customer doesn't know that, and why don't they tell the customer that? Well, they do tell the customer that they select, they are entitled to select the mode of transportation. They do say that. They tell the customer they're entitled to select the mode of service. And if you look at the substitution of service, what they try and argue, Your Honor, is that under the mode of service, service means next day or service means second day, but it doesn't mean air. If you look at the substitution of service provision, when they, in that provision, it specifically provides that if they decide to move your package by air, they don't use the word air, but they say if they move it by a service that is not the one you ordered because the one you ordered is not available, then in that instance they charge you for the higher level of service. And in the substitution of service paragraph, it is clear as a bell that when they talk about service, they don't mean next day or second day, what they talk about when they say service is truck, ground versus air. And if they switch you from truck to air because truck is not available, they charge you for air. We have exactly the reverse situation here. They charge us for air and then systematically switch us to truck. There is no option. Would your clients feel better if they knew that it was going by air? Pardon? Would your clients feel better if they knew it was going by air? They would feel better, Your Honor, if they didn't get charged double for a service than the person. But that's a different question. Are any of your clients walking into a UPS facility, UPS store, whatever it may be, using 800 number and saying, what's the cheapest way I can get this from A to B? I don't know the answer to that. But that seems to me to be crucial. If UPS is not misrepresenting that, UPS is telling you, here's a level of service. You need it there next day, absolutely positively, we can do that. You okay with getting it there on Thursday instead of Wednesday? We can do that and we'll charge you a different price for that. We're going to get it there. We'll get it there one way or another. You can count on us. But the problem we have here is that for next day within 450 miles and second day within 1,000 miles, it always goes by truck. And if those customers had checked ground instead of air and nothing else, Your Honors, they would have paid less than half as much as they end up paying. And they would have gotten fewer guarantees about the time and date of delivery. Or different guarantees as to the time and date of delivery. So there are other pieces of consideration for the higher price. And maybe if your clients had thought more about it, they would have said, well, it's not that important to me to have that guarantee, but. The suggestion that there are additional services for the higher price. There's additional guarantees of timely delivery. Your Honor, if you focus, as an example, on second day air service, take California as an example, and UPS doesn't dispute this, those packages will go on exactly the same truck. They will go, if I check air and I pay the air premium and I pay the jet fuel premium, those packages will go to San Francisco on exactly the same truck as a package where the person checks ground to San Francisco. And they get delivered at the same time. The delivery guarantees are the same. They go on the same truck. And the only difference is that the person who's smart enough to pick and check ground pays half as much and sometimes a third as much. So this whole system could be solved, this whole issue could have been solved, if 25 years ago UPS had said there is no next day air and there is no second day air. Right, they could rename it fast, faster, and fastest. Or they could rename it, you know, A, B, and C. But I guess it just seems to have a lot riding on the mere fact that the word air is in there. And they could have this same pricing structure and the exact same nature of services, and you'd be fine with it if it didn't have the word air in it. If they just said we have service A, service B, and service C, and here's the pricing. And here is what happens with those services. The problem is what they don't tell anybody is that the next day air and the second day air are going to arrive at exactly the same time whether they go on an airplane or they go on a truck. They don't tell anybody that. So what? That's my point is so what? If you just take the word air out of it and you go back to having services A, B, and C, you have no, I mean you have the prices and you have the result and that's what. So why is it that they don't say to people within 450 miles this is the one service that exists? It goes by truck. If it's within 1,000 miles today, it goes by truck and this is the charge. Instead what they say, it's going 450 miles or it's going 1,000 miles, do you want to go by ground or do you want to go by air? And people who check air end up paying twice as much. So hundreds of thousands of times a day around this country for 20 years, people are paying two times what they would pay if they were properly advised that this was available. So one of the clients here paid something extraordinary, something in excess of $75 to have a package moved 150 miles. Why didn't it occur to the client to say, wow, that's a lot of money for 150 miles. I could nearly drive it there myself. Do you have anything cheaper? Why should it occur to them? Why doesn't UPS tell them that? Because if I went in and somebody says it's going to be $75, it's only going from, you know, it's going within L.A. County. It's going from L.A. County to San Bernardino County. Is this the cheapest thing you've got? But again, Your Honor, what's happening here, you can say never give a sucker an even break. Never give some chump who walks into a store and pays air. Well, it isn't just that. Who would think in their, who would even imagine that something's going 40 miles, or to use Judge Spivey's example, that it would actually go by air? That's like me saying I want to get a package from here to downtown L.A. as fast as possible. I may pick the most expensive option, but it would never occur to me that even if it's called air that someone's going to fly it from here to Los Angeles. So I have no idea what people think or understand about the spoke and hub operations of UPS. I know that if I am a customer and I, for example, send something by FedEx, I know that in all likelihood it's going to go through Memphis, Tennessee on its way to almost anywhere it ends up going. They're not picking a package up from Store 1 and driving it to my house 30 miles away. It's going to a sorting center, it's being sorted, and then it's being transported back. And I go into a store and they tell me I have a choice, next day air, and they charge me two to three times as much for next day air, and I check next day air instead of the ground service and I pay that premium. Maybe, maybe I'm a schnook, but they are offering me those systems. And for hundreds of thousands of instances a day for 20 years, they are ending up collecting a huge incremental margin of revenue by offering me next day air or second day air. So is the violation of law that you're asserting here the naming of the service, or is it the failure to advise? Well, if you look at RICO, it's the perpetration of a scheme to defraud. It is a scheme to defraud because through a series of documents, through the offering sheet which lets you choose between them. And so your claim is that because they use the term air, that UPS was guaranteeing that it would go in some way by air, even though, of course, it can never go fully by air because any time that you go, you're going to have to drive, somebody's going to have to drive something from an airport to an office. Correct, correct. Or a home. But it's not simply that air is in the label. Air is used throughout the contract, and air is used in all the records. But it's not. There's all kinds of clauses in there saying, we get to choose a different mode of transportation if we need to. And again, to me, one of the most significant clauses is the one that gives them the substitution of services option, where if they move you from a, if you order a less expensive service, ground, and ground is not available, they move you to air and they charge you for air. And in that context, what that contract provision means is that service level, the service is either ground or it's air, and the mode that they have the flexibility to choose between is what kind of truck service are we going to use, our own trucks, contract trucks, so forth, and the same on the air. Otherwise, you cannot harmonize what they say in their mode of service with their substitution of service, unless, again, it's heads I win, tails you lose, which permeates this in a way. I mean, they are systematically making an offering. And district court and UPS, obviously, their view is air is unambiguous. It doesn't mean air. If I walked into this courtroom this morning and I said I got here yesterday from San Francisco by air, you'd assume I got on an airplane and I flew. If I told you I'm going home by air, you would assume I'm going to get on an airplane and fly. And that's what people, naive or otherwise, are believing when they check next day air or they check second day air. And it all could be avoided if UPS just honestly said within 450 miles there's no air. Counsel, you're down to about a minute and a half if you wanted to save some rebuttal. I'll be short of time. Thank you. May it please the court. Deanne Maynard on behalf of UPS. The language of the relevant contracts forecloses plaintiff's claims. Plaintiff's theory boils down to the notion that the brand name of UPS's service was a contractual promise to give all their packages an airplane ride even if they were sending them next door. But the brand name is not a contractual promise. And the relevant contracts give UPS the right to use any mode of transportation to move the packages and make clear that the price, including the fuel surcharge, is tied to the service, not the mode of transportation. It is, however, confusing to an ordinary consumer to have these trademarked descriptions of the names of the service. It does have a suggestion within it, at least, that is potentially misleading. And it just ‑‑ it's completely irrelevant to the actual outcome of the case. But I wondered in the face of all this litigation why UPS doesn't change the name of these services to, you know, Fast Fest or Fastest or something. Two points about that, Your Honor. One, as you recognize, this is a breach of contract case. The question is not what we've named the service. The question is what the contract provides. And they point to no breach of the terms of the contract. It's not a consumer fraud case or something like that. It's a breach of contract case, and that's what governs. Second, the name of the service is ‑‑ it connotes speed. It also connotes the fact that, you know, many of these packages do get on an airplane at some point in their travels. Is it true that you can contract for ground service to Hawaii? So it may be today that you can purchase the ground level service and send a package from here to Hawaii. At the time of the relevant suits, however, you couldn't. And so, for example, if during the relevant time of these suits you chose ground level service, Your Honor, to ship something from here to Hawaii, that service level would be unavailable for that origin and to destination. And therefore, under the substitution of service clause to which counsel repeatedly refers, UPS would substitute the next highest level of service and charge for the next highest level of service. And I'd like to point you to that clause since he's focused on it so much. It's clear on its face. An example of it is at ER 487, and it's actually the final sentence of the mode clause. So the full clause reads, UPS reserves the right in its sole discretion to use any mode of transportation whatsoever to provide the service selected by the shipper. So it's clear that mode and service are different. And if there was any doubt, it's confirmed by the next sentence which says, regardless of the mode of transportation used, the effective UPS rates for the service selected by the shipper shall apply. If, however, this is the clause he's referring to, a shipper selects a UPS service to a destination for which only a higher level of service is available, UPS will substitute the next higher level of available service and will charge the corresponding rate for the substituted service. In other words, for the higher level of service. It's hard to see how that language could be any clearer. The mode and the service are different. What are the other things that happen with next day air and second day air that are not about mode of transportation? In other words, what guarantees or delivery benefits are part of the service? So it's key that they do provide different levels of service. It's a package of services each level, different level provides. And the record has many examples of how this is fully laid out to customers so that they can make choices. Next day air has a guarantee, so different at different times over the course of time. But for 48 contiguous dates, delivery at 10.30 a.m. the next day. There are different levels of next day air. Second day air is to the second day. And ground, it's key, the ground service, if you choose the ground level of service, it's a variable date delivery service. So the information says, you know, one to five days, for example, which puts the customer on notice that if I want perhaps a cheaper price, one day, maybe one day is available on this service, but you have to ask. So with ground service, you have to know where am I now and where am I shifting my package to, and over time that's changed how fast we're able to get things to places with the various ground service. But it's a day and date variable. So there may be some subset of packages. And some things are available on the weekend and some are not, as I understood it. That's absolutely right, Your Honor. So next day and second day air, you are available to pick up or deliver on a Saturday. That service is not available with the ground level of service. So it's true that even if you do next day or second day, you have to pay an additional fee to have Saturday or pick up or delivery. However, it's not available at all at any fee to add it to the ground service. So these are just different suites of services. And in Flores, the plaintiffs there took advantage. They bought next day air. Both Lee and Flores took advantage of things that are only available with next day, not available with ground. One of them sent their package on a Saturday. That would not be available. The other sent their package and it was delivered by 10.30 a.m. the next day. So although ground to some distances might get it there by the next day and maybe it might be roughly at the same time, there's no promise of that. And it's day and date variable and you have to figure it out. The key point for these cases and the legal claims they're bringing, so his sort of pricing complaint is not as I disconnect with the legal claims. As I understand it, it's breach of contract, breach of good faith and fair dealing in RICO. That's right, Your Honor. And I can just briefly go. The breach of contract claims are foreclosed by the plain languages of the contracts. As I've said, the contracts clearly tie both the prices to the service levels and then allow UPS to choose any mode to send it. The implied covenant claims fail for the same reasons as the contract claims. You can't expand the contractual obligations under any of these states' laws through the implied covenant. And even if you did, it would be preempted under the Supreme Court's decision in Wolens. They say that UPS somehow violated the implied covenant through its fuel surcharge and the pricing. But there's no pricing discretion in these contracts. The pricing is set when the shipper picks a particular service. It's set at formation. And the implied covenant doesn't govern the formation of contracts. As distinct from the performance. Exactly, Your Honor. And even if that weren't enough to knock out the implied covenant claims, they're also preempted for the second round in the Supreme Court's decision in Ginsburg, which is that all of these states have exceptions for their implied covenant, including for at-will employment. At-will employment is a policy that all these states presume in contracts that don't have an express at-will clause, and then they enforce that policy as a policy matter by then not also layering on the implied covenant onto their presumed at-will. Those are policy exceptions under the Supreme Court's decision in Ginsburg that also forecloses their implied covenant claims. The WECO claims are foreclosed for the same reasons that the contract claims fail. There are no false statements here. There are no misleading statements here. All of this information is fully available in the documentation that UPS makes readily available to customers. All the different options, the different suites of services, so your cost-conscious customer can choose ground and might get less guarantee with that, might have to spend some time figuring out what day or date it might get there, depending on to where they're sending. And you have your more premium customers who may care more about a guarantee by 1030 a.m. the next day, and might want to use the free packaging that we offer that's, you know, it's fancier looking and, you know, looks nice. And there could be reasons why customers would choose that, but the point is that customers have a choice and all the choices are laid out and there's nothing false or misleading about any of the choices. What about jet fuel? Why is that not misleading with respect to the choice of mode of transportation? So there is no jet fuel surcharge. The contracts provide for a fuel surcharge, and the contracts expressly give UPS the sole discretion to decide what the fuel surcharge will be. The contract language, so from January 5, 2004, until January 5, 2009, which is covered in Count 5, the fuel surcharge in the tariffs in the contracts provided, UPS reserves the right to institute a fuel surcharge. On some or all shipments without prior notice, this surcharge will be applied to such services. So it's clearly linked again to the services, and that you can find one example of that at ER 489. Then it goes on to say, oh, so this surcharge will be applied to such services and for such periods as UPS in its sole discretion may determine necessary, the current fuel surcharge is described at UPS.com. And then at UPS.com, and this may be getting to your honors question, at UPS.com the fuel surcharge disclosure at all relevant times in this case has had a heading that says services affected. So it's expressly linked to services, not the mode of transportation. And then it expressly describes the differences. The ground fuel surcharge will apply to all domestic and international transportation charges for the following services, including UPS ground commercial and UPS ground residential titles, UPS ground in caps. And that is, your honor, indexed to a government objective index for diesel fuel. Then it goes on to provide air and international fuel surcharge, that's the title of the fuel surcharge, will apply to all domestic and international transportation charges for the following services. Again, linked to the services, and then in case there's any doubt, it lists the services, including UPS next day air, early AM, UPS next day air, UPS next day air saver, UPS second day air saver AM, and UPS second day air. And what I'm reading to you from is SER 93 to 94, and it's also at SER 145 to 146. So to your point, your honor, there's nothing misleading about this. The information is fully available. Plaintiffs don't dispute that if this disclosure on the website applies in the contracts, that they don't really have a claim. What they're trying to argue in this court is that those disclosures aren't incorporated, and that's wrong for two reasons. One, their complaint relies on this disclosure. In the third amendment complaint at ER 142 in paragraph 49, they say this claim is based on the disclosures, the fuel disclosures at UPS.com. And as the district court recognized, how can your contract be based on fuel disclosures at UPS.com and then have it not be that your claim relies on that? So this court can look at it, and they also concede in their complaint that the fuel disclosures are available at UPS.com, and you're sent to UPS.com to find it so that you can find it. And these are incorporated because they're in the contract language I read you from the tear-up. They're expressly described there, and it sends the customer for the current one, because they change because the government indexes change, to UPS.com to find the current version. The current fuel surcharge is described at UPS.com. From January 5th of 2009, Your Honor, this also goes to your question, to the present, and this is count six in the complaint, there's been additional language that's got the suspenders added to the belts that I just read you, and the suspender says, regardless of the mode of transportation used, the effective fuel surcharge for the service selected by the shipper shall apply. Now, the service selected by the shipper is referring not to what the customer signed up for, that is, next day. No, it is not. That is what it's referring to. But if, in fact, it relates to the services in the language that you read, why is that not the service used? So that gets to the problem of how they can, how UPS can charge the higher jet fuel charge when it has decided to deliver by ground transport and thus normally would be diesel. Okay, so just to make clear so we all understand, the way that it works is the customer checks UPS Next Day Air, for example. Okay. That's the service selected by the customer, UPS Next Day Air. The ground that UPS has reserved the right in the tariff to charge fuel surcharges for selected services, and the current ones are at ups.com. As opposed to services used. You're using the term service to mean the name of the service level that is selected in mode of transportation to refer to physically how the package is moved. Thank you, Judge Graber. That's exactly right. And there's a distinction, Your Honors, throughout all the materials, and that's what they're trying to fuzz up. They're trying to elide service. And so they're trying to call, well, the service you actually got, if part of it went on a truck, was ground. That's not right. You always get the service that you select, unless it isn't physically, literally available, in the hypothetical to a lie we were talking about earlier. You always get the service level you select with the guarantees, the free packaging, the Saturday availability, et cetera. Regardless of what mode of transportation UPS may use to get your package from point A to point B, and the mode of transportation clause gives UPS the right to use any mode of transportation, the fuel service charges then tie it expressly to the service level selected. And that, Your Honor, that's where I think there's a disconnect between your question and the language here. The service level selected by the shipper is UPS next day air, regardless of how UPS gets it there. UPS has disclosed that if you choose UPS next day air, the fuel surcharge is going to be tied to this government index to jet fuel. And so regardless of what mode of transportation UPS uses to get it there, it's still tied to that. And there may be other ways UPS could do it, but this way is explained in the contracts, and it's very clear and it's not false or misleading. Thank you, Counsel. Mr. Neal, you reserved some rebuttal time. Thank you, Your Honors. Thank you, Your Honor. This is not in the record, but when I go on the line to buy shopping and I get shipment, the shipment choices I get are really straightforward. It's next day, second day, five day, seven day. There's no talk of air. There's no talk of truck. And that goes to Your Honors, fast, faster, fastest. That is what the systems typically are in this day and age, and there's nothing wrong with that. You pay a different charge and a higher charge for faster service. So basically your whole thing is just on what they chose to call it. That's what I have difficulty with. It's not from just that. You know, if you advertise two dishwashers and you said you want a dishwasher for $100 or do you want a premium dishwasher for $200, and I took the premium dishwasher and it turns out the two dishwashers were exactly the same, we'd all know that's a fraud. But they're not exactly the same here. They are, Your Honor. With all due respect, they are. UPS has come up with a bunch of post hoc suggestions to indicate that they are different, but the differences, if they exist at all, are trivial. The Saturday pickup that they point to, even if it's not available for ground, A, costs an extra $10, and B, is only relevant to people who order it. The vast majority of people who are buying second day or first day air aren't getting Saturday pickup. And the example, they've never taken issue with it. A package going from Los Angeles to San Francisco, if I order next day air, it goes by truck every time, and the delivery time guarantee for that is exactly the same as the delivery time if it goes by ground. So we have two classes of people here. We have people who are smart enough to figure out that all you need to do is check off ground if you're going within 450 miles next day, or check off two-day ground if you're going 1,000 miles, and you will get exactly the same service as air and pay a fraction of the amount. And then we have a class of people, call them suckers if you will, say they're never getting an even break, but we have a class of people who clearly believe that because they check air and they pay a premium for air, and to your Honor's point, they in fact get invoiced for jet fuel, not for a fuel charge, they believe that they are getting something different, and for that they're paying two to three times as much. And if that's not, among other things, a classic RICO scheme to defraud, I don't know what is. Thank you, counsel. You've exceeded your time. We understand, I think, the positions of both parties. We appreciate helpful arguments from both counsel, and both cases are submitted for decision.
judges: Graber, Bybee, Arterton